

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Geo. H. Sheppard
Comptroller of Public Accounts
Austin, Texas

Dear Sir:

Opinion No. O-3460
Re: Status of Delinquent
State and County taxes
where no answer was
filed by the State and
the County in a tax
suit brought by a city
and in which the State
and County were impleaded
as parties defendant.

In your letter of April 28, 1941, you submit the following facts:

"The City of Crosbyton entered suit against a number of individuals for delinquent taxes; the County Tax Assessor-Collector was served with a citation along with the School District and lienholders on the property but the Attorney representing the State and County did not intervene in the suit; judgment was taken and the property was sold but the State and County did not participate in the proceeds of the sale."

and you request our opinion in response to these questions:

"What is the status of the State and County taxes? If such State and County taxes are forever barred what procedure should be taken to clear the tax rolls? If such taxes are not barred what should be done to collect the taxes shown on the tax roll?"

We have been furnished with a copy of the judgment referred to and it is dated October 12, 1938. It is therein

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable Geo. H. Sheppard, Page 2

recited that the defendants were not indebted to the impleaded party defendant, the State of Texas, and the last paragraph of the judgment reads as follows:

"And it is further ordered, adjudged and decreed by the Court that the purchaser of property sold for taxes herein shall take title free and clear of all liens and claims of taxes against such property delinquent at the time of judgment in this suit to any taxing unit which was a party herein or which has been served with citation as required by this Act."

Article 7345b, Vernon's Annotated Civil Statutes, providing a method of procedure for the foreclosure of delinquent taxes and under which this action apparently was brought contains Section 10, reading as follows:

"The purchaser of property sold for taxes in such foreclosure suit shall take title free and clear of all liens and claims for taxes a-against such property delinquent at the time of judgment in said suit to any taxing unit which was a party to said suit or which had been served with citation in said suit as required by this Act."

From the opinion of Judge Hickman in the case of Mexia Independent School Dist. vs. City of Mexia, 133 S. W. (2d) 118, we quote as follows:

"In this connection, it is not contended that the statute under consideration undertakes directly to release any taxes to any one but it is contended in effect that since the Act authorizes the plaintiff to join as defendants all other taxing units having liens against the property and further provides that the purchaser of the property sold at such foreclosure sale shall take title thereto free of all liens for taxes owing the taxing units that were parties to the suit, it is possible for the representatives of a taxing unit by failing to appear and file claim

Honorable Geo. H. Sheppard, Page 3

for the taxes due to thereby waive and release
to the property owner the lien for such taxes.
We recognize that it is possible, under the Act
in question, for such representatives, by their
carelessness or otherwise, to fail to properly
foreclose the liens held by the taxing units
which they represent, but this is a danger inher-
ent in all governmental functions performed by
human agents. It has always been possible for
commissioners' courts by failing to assess prop-
erty at its full value, or for attorneys by
failing to properly prove up their cases in tax
suits, or for jurors by improperly resolving
questions of fact in favor of the tax debtor, to
thereby deprive a taxing unit of its just dues,
but the mere existence of this possibility does
not render all our tax laws unconstitutional.
It is presumed that all public officials will
honestly perform their official duties, Anderson
v. Polk, 117 Tex. 73, 297 S. W. 219, and the
statute and constitutional provisions in question
must be construed in the light of that presump-
tion. When so construed, the statute is not un-
constitutional on the grounds stated."

If a proper citation was duly served upon the
county tax collector as provided in the first paragraph of
Section 2 of said Article 7345b and if all the proceedings
in the case were regular it is our opinion that the State
of Texas and County of Crosby were precluded from maintain-
ing any suit for the collection of any taxes against the
property described in the judgment which were delinquent
at the time such judgment was taken. However, if no
citation was served, the state being notified simply by
registered mail in the manner suggested in the second para-
graph of Section 2, the action of the State and County for
such taxes would not be barred. We believe the above
sufficiently answers your first question. Your Mr. Farrar
has today advised us that you will not need any expression
from us in reply to your second and third questions.

APPROVED MAY 14, 1941

FIRST ASSISTANT
ATTORNEY GENERAL

GRL:lh

Yours very truly

ATTORNEY GENERAL OF TEXAS

By Glenn R. Lewis

Glenn R. Lewis
Assistant

APPROVED
OPINION
COMMITTEE
BY